IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

MICHAEL COATES,

    Plaintiff,

v.                                          C.A. No.:   7:16-cv-57

WARRIOR ENERGY SERVICES CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL COATES (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, WARRIOR ENERGY SERVICES CORPORATION (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his former employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, WARRIOR ENERGY SERVICES CORPORATION, does business in this District.

## THE PARTIES

4. Plaintiff is an individual residing in Crosby, Texas. Plaintiff, MICHAEL COATES, was employed by Defendant from February 20, 2014, through July 10, 2014, as a "Crane Operator." Plaintiff's required job duties included servicing wells on location, generally, on the private property of Defendant's clients.

5. Defendant, WARRIOR ENERGY SERVICES CORPORATION, is a corporation formed and existing under the laws of the State of Delaware and maintains offices in Houston, Texas.

6. Defendant, WARRIOR ENERGY SERVICES CORPORATION, operates a company primarily engaged in the oil and gas industry and is an employer as defined by 29 U.S.C. § 203(d).

7. Defendant, WARRIOR ENERGY SERVICES CORPORATION, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

8. At all times material to this complaint, Defendant, WARRIOR ENERGY SERVICES CORPORATION, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. At all times material to this complaint, Defendant, WARRIOR ENERGY SERVICES CORPORATION, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

10. At all times material to this Complaint, Defendant, WARRIOR ENERGY SERVICES CORPORATION, was the employer of the Plaintiff, and, as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

11. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable

and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

12. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 12 above.

13. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

14. Specifically, Plaintiff was paid on a salary basis, plus an additional day rate bonus, but was not paid the appropriate premium for his overtime work.

15. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

16. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

17. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

18. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

19. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, MICHAEL COATES, demands Judgment against Defendant, WARRIOR ENERGY SERVICES CORPORATION, for the following:

a. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, MICHAEL COATES, demands a jury trial on all issues so triable.

Respectfully submitted this March 3, 2016.

**ROSS LAW GROUP**
1104 San Antonio Street

Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**